UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARITA T. PATTERSON; D.P.,

                    Plaintiffs,

            -against-

THE STATE OF NEW YORK; OFFICER
LIANDRY R. ALMONTE (Shield #15166);
THE NEW YORK CITY POLICE
DEPARTMENT 6th PRECINCT; NEW YORK
CITY COMPTROLLER'S OFFICE,

                    Defendants.

25-CV-1437 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Sharita T. Patterson,[1] who is proceeding *pro se*, brings this action invoking the

Court's federal question jurisdiction. Plaintiff alleges that an officer with the New York City

Police Department falsely arrested her when she was with her minor son, D.P., who is listed as a

plaintiff. By order dated June 16, 2025, the Court granted Plaintiff's request to proceed *in forma*

*pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court grants

Plaintiff 60 days' leave to file an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] For reasons explained below, Sharita Patterson is the sole Plaintiff in this action.

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

The "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following facts are drawn from the complaint.[2] Plaintiff Sharita Patterson brings this action concerning an arrest that involved her minor son. She names as defendants: (1) the State of New York; (2) NYPD Officer Liandry R. Almonte; (3) the NYPD's 6th Precinct; and (4) the New York City Comptroller's Office.

Plaintiff alleges that on November 24, 2024, Officer Liandry Almonte, a New York City Police Department ("NYPD") police officer with the 6th Precinct, violated her civil rights when he conducted an "unlawful search and seizure," used "excessive force [and] intimidation," and generally "depriv[ed] [her] of due process rights." (ECF 1 at 1.) In particular, Plaintiff alleges that Officer Almonte detained her without probable cause, failed to read her her *Miranda* rights, unlawfully searched and seized her personal belongings (including a protective knife they "misclassified as illegal"), made threats that the Plaintiff "would face neglect charges" (likely with respect to her son, D.P.), and used "derogatory language and intimidation tactics to humiliate and coerce [her] compliance."[3] (*Id.* at 2.) Plaintiff alleges that all of these unlawful actions "resulted in severe emotional, physical, and economic harm." (*Id.* at 1.)

Plaintiff's claims against the New York City Comptroller's Office concern that office's "responsibility for handling civil claims against city agencies, including claims related to police misconduct." (*Id.* at 2.)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[3] Plaintiff also alleges unlawful acts by Officer Almonte against her son, D.P., including that he threatened to plant a firearm on her son to "fabricate grounds for arrest" and that he "[n]eglect[ed] [his] safety by releasing him to a CPS [Child Protection Services] group home without proper protection." (ECF 1, at 2.) Because the Court must dismiss D.P.'s claims from this action, as discussed below in section A, these allegations are not addressed in this order.

Plaintiff seeks $52,250,000 in compensatory damages, punitive damages, a formal apology from the NYPD 6th Precinct, disciplinary action against Officer Almonte and other NYPD officers allegedly involved in the incident, and constitutional rights training for NYPD officers in general. (*Id.* at 3.)

## DISCUSSION

As an initial matter, Plaintiff cannot bring claims on behalf of her son, and the Court dismisses any claims she seeks to assert on his behalf without prejudice. The Court dismisses the claims against the State of New York because it is immune from liability under the Eleventh Amendment. The Court also dismisses the claims against the NYPD's 6th Precinct, as inconsistent with the New York City Charter, but construes these claims as brought against the City of New York and grants Plaintiff leave to plead facts suggesting that the City of New York violated her rights. The Court dismisses the claims against the New York City Comptroller's Office for failure to state a claim, but grants Plaintiff leave to amend those claims. Finally, the Court grants Plaintiff leave to amend her claims against Officer Almonte.

### A.      Plaintiff cannot bring claims on behalf of her minor child

Plaintiff appears to bring claims on behalf of her minor child, D.P., who is listed in the caption as a co-plaintiff in this action.[4] Plaintiff has not included any information showing that she is an attorney or otherwise authorized to bring claims on behalf of others. If she is a nonlawyer, Plaintiff can only represent her own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal

---

[4] Plaintiff listed D.P. as one of her children in her application to proceed IFP. (ECF 2, at 2.)

quotation marks omitted)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (noting that § 1654 "allow[s] for two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" (quoting *Turner v. American Bar Ass'n,* 407 F.Supp. 451, 477 (N.D. Tex. 1975), *aff'd sub nom. Pilla v. American Bar Ass'n,* 542 F.2d 56 (8 Cir.1976))).

Moreover, a nonlawyer parent generally cannot represent her child's interests *pro se*. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); *Tindall v. Poultney High Sch. Dist.,* 414 F.3d 281, 284 (2d Cir. 2005) ("It is . . . a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child."). Minors "are entitled to trained legal assistance so their rights may be fully protected" and nonlawyer parents are not trained to represent competently the interests of their children. *Cheung*, 906 F.2d at 61. Moreover, "a district court has a duty to raise this issue *sua sponte*." *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009).

The Court therefore dismisses without prejudice any claims that Sharita Patterson is attempting to bring on behalf of her minor child, D.P. The sole remaining Plaintiff in this action is Sharita Patterson.

**B.     Plaintiff's claims against the State of New York are dismissed under the Eleventh Amendment**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to

state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has

not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not

abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate*

*Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the State

of New York are therefore barred by the Eleventh Amendment and are dismissed because

Plaintiff seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**C.      The Court dismisses Plaintiff's claims against the New York City Comptroller's Office for failure to state a claim but grants her leave to replead this claim**

Plaintiff seeks to sue the New York City Comptroller's Office. The Court assumes, for

the purposes of this order, that Plaintiff seeks to sue the New York City Comptroller or

individuals who work in that office.

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants'

direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y.*

*State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that

personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to

an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not

be held liable under Section 1983 solely because that defendant employs or supervises a person

who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government

officials may not be held liable for the unconstitutional conduct of their subordinates under a

theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff

must plead and prove the elements of the underlying constitutional violation directly against the

official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing that the New York City Comptroller, or any

individual in the Comptroller's office, was personally involved in violating her constitutional

6

rights. Plaintiff's claims are therefore dismissed for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to amend this aspect of her complaint to assert a claim against the individual who Plaintiff believes violated her rights.

**D.    Plaintiff's claims against the NYPD's 6th Precinct are dismissed under the New York City Charter and construed as asserted against the City of New York**

Plaintiff's claims against an NYPD precinct must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Orraca v. City of New York*, 897 F. Supp. 148, 152 (S.D.N.Y. 1995) ("[T]he 25th Precinct is a subdivision of the Police Department without the capacity to be sued.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the NYPD 6th Precinct with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**E.    The Court grants Plaintiff leave to amend her claims against the City of New York and Officer Almonte**

**1.    False arrest**

A Section 1983 false arrest claim, asserted under the Fourth Amendment, "is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citations omitted); *accord Jenkins*, 478 F.3d at 84. Under New York law, a plaintiff bringing a claim for false arrest must show that "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not

consent to the confinement and (4) the confinement was not otherwise privileged." *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (quoting *Broughton v. State of New York*, 37 N.Y.2d 451, 456 (1975)).

### a. City of New York

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into

contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (internal citations omitted).

Plaintiff does not state enough facts to suggest that the City of New York adopted a policy, custom, or practice that caused the violation of her rights. Specifically, the complaint does not include allegations suggesting that the City failed to provide training or supervision to NYPD officers, which failure, in turn, resulted in Plaintiff's constitutional rights being violated. The Court therefore dismisses Plaintiff's claims for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of her *pro se* status, however, the Court will grant her leave to replead her Section 1983 claim against the City of New York in an amended complaint.

### b. Officer Almonte

The Fourth Amendment protects individuals from "unreasonable searches and seizures;" and the Fourteenth Amendment applies the Fourth Amendment to the states by mandating that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. IV, XIV, § 1. The right to be free from excessive force derives from the Fourth Amendment for arrestees and from the Fourteenth Amendment for pretrial detainees and individuals who have not been arrested. *See, e.g.*, *Edrei v. Maguire*, 892 F.3d 525, 533 (2d Cir. 2018).[5]

Here, Plaintiff does not provide sufficient facts to make a "short and plain statement of [her] claim[s]" against Officer Almonte, as required under Rule 8 of the Federal Rules of Civil Procedure. Although a plaintiff need not plead facts in great detail about the specific role of a

---

[5] The "objectively unreasonable degree of force" analysis that the United States Supreme Court outlined in *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015), applies to all Fourteenth Amendment excessive force claims. *Edrei*, 892 F.3d at 536; *Drummond v. Castro*, 522 F. Supp. 2d 667, 678-79 (S.D.N.Y. 2007) (holding an excessive force claim requires a "serious or harmful" use of force).

defendant when subjected to excessive force, *see, e.g.*, *Messina v. Mazzeo*, 854 F. Supp. 116, 126 (E.D.N.Y. 1994), she must provide the basic facts of the incident. Here, Plaintiff does not describe the circumstances or events leading up to her detention. Rather, she states in conclusory terms that she was unlawfully detained "without probable cause" and that Defendants used "excessive force" and "racial profiling" in her detention. (ECF 1 at 2.) There are no facts, however, regarding the lack of "probable cause" for an arrest and no description of the use of excessive (serious or harmful) force by Officer Almonte or another NYPD officer. Furthermore, Plaintiff does not identify her race and/or describe its role in her detention to show that Officer Almonte engaged in "racial profiling." To state a facially plausible Section 1983 claim, Plaintiff must provide sufficient factual detail to allow the Court to draw the inference that the defendants are liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678-79.

Under these circumstances, Plaintiff fails to state a plausible Section 1983 claim against Officer Almonte. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). As a *pro se* litigant, Plaintiff will be granted leave to replead her Section 1983 claim against this Defendant in an amended complaint in conformance with this order.

### 2.  42 U.S.C. §§ 1985 and 1986

Plaintiff alleges that Defendants engaged in a "conspiracy to interfere with [her] civil rights under 42 U.S.C. § 1985," and that the City of New York "fail[ed] to prevent or correct constitutional violations committed by Office Almonte and other officers," in violation of 42 U.S.C. § 1986. (ECF 1 at 3.) As explained below, Plaintiff does not state a claim under either statute.

### a. Section 1985

Plaintiff's complaint suggests that she is attempting to assert claims of conspiracy under 42 U.S.C. § 1985(3) against Officer Almonte and other "involved" NYPD officers. To state such a claim, a plaintiff must show the existence of: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (*per curiam*)).

Vague and unsupported assertions of a claim of conspiracy will not suffice. *See, e.g.*, *Wang v. Miller,* 356 F. App'x 516, 517 (2d Cir. 2009) (summary order). To maintain an action under Section 1985, "a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (internal quotation marks omitted).

The Second Circuit has also "[e]mphasize[d] that an essential element to each [§ 1985(3) and related § 1986] cause of action is a requirement that the alleged discrimination took place because of the individual's race." *Mian,* 7 F.3d at 1088. Otherwise, there must be another "class-based, invidiously discriminatory animus." *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994) (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)). At present, Plaintiff's complaint does not offer more than conclusory allegations that she was discriminated against because of her race. *See, e.g.*, *Mazurek v. Wolcott Bd. of Educ.*, 815 F.Supp. 71, 77

11

(D.Conn.1993) ("It is well established that mere conclusory allegations are insufficient to establish a cause of action for a violation of civil rights.").

Plaintiff's conspiracy allegations fail to state a claim under Section 1985. She alleges generally that Defendants conspired to violate her civil rights with "coordinated intimidation tactics, false allegations, and misconduct." (ECF 1 at 3.) Nothing in these conclusory allegations, however, describes an overt act, racial animus, or damage to Plaintiff's person or property. The complaint therefore fails to state a claim under Section 1985(3). As with her other federal claims, due to her status as a *pro se* plaintiff, the Court will grant Plaintiff leave to replead this claim in an amended complaint.

### b. Section 1986

In her complaint, Plaintiff alleges that the City of New York failed to protect her from the violation of her rights under Section 1985, in violation of Section 1986. Section 1986 provides a cause of action against anyone who, "having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." *Mian,* 7 F.3d at 1088 (2d Cir. 1993) (quoting *Katz v. Morgenthau*, 709 F.Supp. 1219, 1236 (S.D.N.Y. 1989), *aff'd in part and rev'd in part on other grounds*, 892 F.2d 20 (2d Cir.1989)). Thus, a Section 1986 claim must be predicated upon a valid Section 1985 claim. *Id.* (citing *Dacey v. Dorsey*, 568 F.2d 275, 277 (2d Cir. 1978), *cert. denied*, 436 U.S. 906 (1978)).

As discussed above, Plaintiff has failed to state a valid conspiracy claim under Section 1985, which is a mandatory predicate for a claim under Section 1986. However, because the Court cannot conclude that Plaintiff cannot allege sufficient facts and circumstances to state this claim properly, she will be granted the opportunity to amend her complaint.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, within the Second Circuit, "[a] *pro se* party should be granted leave to amend if 'a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Janakievski v. Exec. Dir., Rochester Psychiatric Ctr.*, 955 F.3d 314, 320 (2d Cir. 2020) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Because Plaintiff may be able to allege additional facts to state valid claims against the City of New York, Officer Almonte, the New York City Comptroller, or individuals in the New York City Comptroller's Office, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

First, Plaintiff must name as the defendant(s) in the caption[6] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[7] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending her complaint to include the identity of any "John Doe" defendants

---

[6] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, she should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[7] For example, a defendant may be identified as: "NYPD Officer John Doe #1 on duty November 24, 2024, 2010, during the 7 a.m. to 3 p.m. shift."

before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Second, in the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, **any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.**

### CITY BAR JUSTICE CENTER

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with

her case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice

Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept

filings on behalf of the Court, which must still be made by any self-represented party through the

Pro Se Intake Unit).

To make an appointment, Plaintiff must complete the City Bar Justice Center's intake

form. If Plaintiff has questions about the intake form or needs to highlight an urgent deadline

already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email

(fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse in

Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are

available Monday through Thursday, 10am to 4pm. Appointments are also available remotely

Monday through Friday, 10am to 4pm.

## CONCLUSION

At present, Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1),

fails to state any claim on which relief may be granted so is subject to dismissal under 28 U.S.C.

§ 1915(e)(2)(B)(ii). However, in light of her *pro se* status, Plaintiff is granted leave to file an

amended complaint that complies with the standards described in this order.

The Court dismisses without prejudice any claims that Plaintiff is attempting to bring on

behalf of her minor child, D.P. The Court directs the Clerk of Court to terminate D.P. from this

action.

The Court also dismisses Plaintiff's Section 1983 claims against the State of New York,

*see* 28 U.S.C. § 1915(e)(2)(B)(iii), and the NYPD's 6th Precinct and the New York City

Comptroller's Office, *see* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court directs the Clerk of Court to

terminate these three defendants from this action.

The Court grants Plaintiff leave to amend her complaint as to any claims she seeks to bring against the New York City Comptroller, individuals who were in the City Comptroller's Office, the City of New York, and Officer Almonte. Plaintiff must submit her amended complaint to the Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-1437 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply with the time allowed, and cannot show good cause to excuse such failure, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted and enter judgment.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 24, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                Middle Initial            Last Name

_____

Street Address

_____

County, City                        State                        Zip Code

_____

Telephone Number                Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

Defendant 2:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

Defendant 3:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

Defendant 4:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

　　If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7